DETERMINED IN THE

## FOURTH DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1918.

Otto Klusemeier, Appellee, v. East St. Louis Bridge Company, Appellant.

### (Not to be reported in full.)

Appeal from the City Court of East St. Louis; the Hon. W. M. VANDEVENTER, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 5, 1918.

### Statement of the Case.

Action by Otto Klusemeier, plaintiff, against East St. Louis Bridge Company, defendant, to recover damages for personal injuries sustained by plaintiff while in defendant's employ. From a judgment for plaintiff for $1,000, defendant appeals.

P. K. JOHNSON and W. C. CONNETT, for appellant.

MINOCK & ZULLEY, for appellee.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

(537)

Klusemeier v. East St. Louis Bridge Co., 210 Ill. App. 537.

## Abstract of the Decision.

1. TRIAL, § 187*—*what is effect of motion for direction of verdict.* A motion for direction of a verdict for defendant at the close of a plaintiff's case raises the question as to whether there is any evidence in the record fairly tending to prove the case made by the declaration.

2. TRIAL, § 195*—*when proper to refuse to direct verdict.* Where there is evidence tending to prove plaintiff's case, it is proper to refuse to direct a verdict at the close of plaintiff's evidence.

3. TRIAL, § 179*—*what is nature of motion to direct verdict for defendant.* A motion made at the close of all the evidence to direct a verdict for defendant amounts to a demurrer to the evidence.

4. APPEAL AND ERROR, § 438*—*what is necessary to preserve question of variance.* In order to avail of a material variance between allegations and proof, the testimony must be specifically objected to at the time it is offered, and the variance pointed out.

5. APPEAL AND ERROR, § 438*—*what must be shown by record in order for question of variance to be available.* A party, in order to avail himself of a variance between the proof and the declaration in a court of review, must show from the record that the alleged variance was specifically called to the attention of the trial court, so that thereby the opposite party can have an opportunity to amend his pleading.

6. EVIDENCE, § 160*—*inadmissibility of as to offer of compromise.* Negotiations or an offer of compromise are inadmissible in evidence.

7. WORKMEN'S COMPENSATION ACT, § 2*—*when not error to permit proof of substance of notice of rejection of.* In an action by a servant against his master for personal injuries, it is not error to permit plaintiff to prove the substance of the notice posted by defendant at its working place, to the effect that it had elected not to be governed by the Workmen's Compensation Act, where a certified copy of the notice filed by the employer with the Industrial Board of election not to pay compensation under the act has been given in evidence.

8. WORKMEN'S COMPENSATION ACT, § 2*—*when election of employer not to be bound by is shown.* The election of an employer not to be governed by the provisions of the Workmen's Compensation Act is shown by a certified copy of the notice of the employer not to be governed by the act filed with the Industrial Board and the testimony of plaintiff as to the substance of the notice posted by the employer at the working place, after refusal of the employer to produce the original.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

9. WORKMEN'S COMPENSATION ACT, § 2*—*when defendant may not complain of introduction of parol evidence as to contents of notice.* The defendant, in an action by an employee for personal injuries, cannot complain of the ruling of the trial court in permitting the introduction of parol evidence as to the contents of a notice by an employer posted at its working place of its election not to be governed by the provisions of the Workmen's Compensation Act, where it fails, after due notice before trial, to produce the original notice.

10. DAMAGES, § 200*—*when instruction on in action for personal injuries is not erroneous.* In an action for damages for personal injuries, an instruction that in case the jury found the issues for plaintiff then, in assessing the damages, they might take into consideration the nature and extent of the injury, together with the probable duration thereof, if any, shown by the evidence, the plaintiff's pain and suffering, if any, shown by the evidence, his loss of time and earnings during his sickness and disability to work, if shown by the evidence, is proper and is not erroneous on the ground that it does not require the jury to find the issues from a preponderance of the evidence.

11. WORKMEN'S COMPENSATION ACT, § 12*—*when instruction on contributory negligence is properly refused.* In an action by an employee against his employer, who has elected not to pay compensation under the Workmen's Compensation Act, for damages for personal injuries, an instruction on contributory negligence requested by defendant is properly refused, since by the election the employer was deprived of the defenses of contributory negligence, fellow-servant and assumed risk.

12. INSTRUCTIONS, § 151*—*when properly refused.* It is proper to refuse requested instructions covered by the main charge.

13. INSTRUCTIONS, § 18*—*when properly refused.* It is not error to refuse an involved and misleading instruction.

14. DAMAGES, § 133*—*when verdict not excessive.* A verdict for $1,000 for personal injuries, *held* not excessive where it appeared that the injury sustained was a serious one; that plaintiff was incapacitated two or three months; that two of his toes were injured and were still stiff; that he had to wear a shoe two sizes too large; that he had to wear braces to protect his foot, and there was evidence tending to show that the injury was a permanent one.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.